# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA



FILED
JAN 30 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| MICHAEL B. DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-3603 (UNA) |
| ) | |
| SHERMAN LANKFORD, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

The plaintiff rented an apartment in the District of Columbia owned by defendant Lankford. According to the plaintiff, defendant "employed a window to break out the bedroom and living room windows" of his apartment, Compl. at 2, and prevailed upon his former colleagues in the United States Marshals Service and the Superior Court of the District of Columbia to expedite the plaintiff's eviction in violation of the rules of the Superior Court's Landlord and Tenant Branch and in violation of the Fourteenth Amendment to the United States Constitution, *see generally id.* at 3-5. Among other relief, the plaintiff has demanded compensatory and punitive damages totaling $460,000. *Id.* at 6.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a).

To the extent the plaintiff alleged that defendant unlawfully entered or caused others to enter his apartment, the plaintiff does not a state a claim falling within the Court's federal question jurisdiction. Nor does it appear that the plaintiff demonstrates diversity jurisdiction.

Notwithstanding the plaintiff's assertion that the defendant is a resident of Maryland, the only addresses provided for the defendant is in the District of Columbia. Further, the plaintiff does not allege any colorable bases for a demand for damages in excess of $75,000. And to the extent the plaintiff intends to press other claims, the complaint lacks the requisite specificity.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for lack of subject matter jurisdiction. An Order is issued separately.

DATE: January 29, 2020

AMIT P. MEHTA
United States District Judge